UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD HARDRICK,

        Petitioner,        Case No: 2:24-CV-10698
                                     Honorable Jonathan J.C. Grey

v.

36th DISTRICT COURT,

        Respondent.
_____/

**OPINION AND ORDER DENYING
THE PETITION FOR WRIT OF MANDAMUS**

Bernard Hardrick, ("petitioner"), presently incarcerated at the Baraga Maximum Correctional Facility in Baraga, Michigan, has filed a *pro se* petition for writ of mandamus pursuant to 28 U.S.C. § 1651, in which he challenges his conviction for carjacking and possession of a firearm in the commission of a felony (felony-firearm). Petitioner also asks this Court to order the 36th District Court to prepare and provide him with a transcript from petitioner's arraignment on the warrant in that court. For the reasons stated below, the petition is **DENIED**.

1

## I. BACKGROUND

Petitioner's conviction arises out of the carjacking of a pizza delivery man named Kevin Robinson in the City of Detroit on November 16, 2005. An arraignment on the warrant was conducted on the above charges in the 36th District Court in Detroit, Michigan, on November 20, 2005. Petitioner alleges that the court refused to appoint counsel to represent petitioner at the arraignment on the warrant. Ultimately, Petitioner was convicted of these charges in the Wayne County Circuit Court. The Michigan Court of Appeals affirmed his conviction. *People v. Hardrick*, No. 273146, 2007 WL 4322013 (Mich. Ct. App. Dec. 11, 2007).[1]

Petitioner seeks a writ of mandamus. Petitioner claims that since he lacked an attorney at his arraignment in 36th District Court, his Sixth Amendment right to counsel was violated. Petitioner also claims that the 36th District Court refuses to provide him with a copy of a transcript from the arraignment on the warrant so that he can file a post-conviction motion in the state courts to challenge his conviction.

---

[1] This Court obtained some of the information about petitioner's criminal case from the Michigan Court of Appeals' opinion. The information in that opinion is consistent with the information provided by petitioner concerning the date of the carjacking and the victim. See Felony Complaint attached to Petition. (ECF No. 1, PageID.5.)

2

## II. ANALYSIS

The remedy of mandamus in the federal courts is considered "a drastic one, to be invoked only in extraordinary situations." *See Kerr v. U.S. Dist. Ct. for Northern Dist. of California,* 426 U.S. 394, 402 (1976) (internal citations omitted). The party that seeks a writ of mandamus must have no other adequate means to attain the relief that he or she desires and must satisfy the burden of showing that his or her right to the issuance of the writ is "clear and indisputable." *Id.* at 403. In the present case, petitioner is primarily seeking a writ of mandamus to challenge his convictions for carjacking and felony-firearm.

Several cases have held that a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is the proper remedy for challenging a state court conviction and mandamus relief is therefore unavailable to challenge a state court conviction. *See Haggard v. Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970); *see also In re Probst,* 19 F. App'x 132, 133 (4th Cir. 2001); *In re Ojeda Rios,* 863 F. 2d 202, 205 (2nd Cir. 1988); *United States ex rel. Murray v. Carter,* 64 F. Supp. 2d 749, 750-51 (N.D. Ill. 1999); *United States v. Logan,* 22 F. Supp. 2d 691, 694 (W.D. Mich. 1998) (post-conviction petitioner, who challenged constitutional validity

3

of federal conviction, was precluded from obtaining relief under All Writs Act, since relief sought was redressable pursuant to other federal post-conviction remedies).

Generally, 28 U.S.C. § 2254 serves as "the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody[,]." *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)). In contrast, the All-Writs Act is not an independent source of federal jurisdiction to issue writs, and only authorizes a federal court to issue a writ in aid of their jurisdiction. *See Baze v. Parker*, 632 F.3d 338, 345 (6th Cir. 2011) (citing *United States v. Perry*, 360 F.3d 519, 533 (6th Cir. 2004)). 28 U.S.C. § 1651, the All Writs Act, thus may not be used to evade the procedures and restrictions of section 2254. *See Brennan v. Wall*, 100 F. Appx 4 (1st Cir. 2004); *see also Haliburton v. United States*, 59 F. Appx 55, 57 (6th Cir. 2003) (holding that federal prisoner could not use the All Writs Act to circumvent the Antiterrorism and Effective Death Penalty Act's prohibition against the filing of a second or successive motion to vacate sentence brought under 28 U.S.C. § 2255).

4

This Court declines to *sua sponte* convert petitioner's petition brought under 28 U.S.C. § 1651 into a habeas petition brought pursuant to 28 U.S.C. § 2254; however, the Court must deny the petition for writ of mandamus on the ground that petitioner's claim lacks merit. *See Foster v. Warden Chillicothe Corr. Inst.*, 522 F. App'x 319, 321 (6th Cir. 2013).

Petitioner claims that he was denied counsel at his initial arraignment on the warrant in 36th District Court. Assuming that petitioner may have been denied the assistance of counsel at his arraignment, he cannot receive relief on this claim because he has not stated how he was prejudiced by the absence of counsel at this proceeding.

The Supreme Court held that the denial of counsel at an arraignment requires automatic reversal, without any harmless-error analysis, in only two situations: (1) when defenses not pled at arraignment were irretrievably lost, *Hamilton v. Alabama,* 368 U.S. 52, 53–54 (1961); and (2) when a full admission of guilt entered at an arraignment without counsel was later used against the defendant at trial, despite subsequent withdrawal. *White v. Maryland,* 373 U.S. 59, 60 (1963) (per curiam).

Petitioner has not alleged that he was prejudiced by the absence of counsel at his initial arraignment, thus, he fails to state a claim for relief, regardless of whether the claim is brought under the All-Writs Act or the habeas statute. *Coleman v. Alabama,* 399 U.S. 1, 11 (1970); *see also Whitsell v. Perini,* 419 F.2d 95 (6th Cir. 1969) (concluding that petitioner was not entitled to habeas relief based on fact that he was not represented by counsel at his arraignment where petitioner pleaded not guilty at arraignment and no incriminating statements later used at trial); *Doyle v. Scutt,* 347 F. Supp. 2d 474, 481 (E.D. Mich. 2004) (denial of counsel to petitioner at arraignments on the warrant did not entitle habeas petitioner of relief, given that petitioner did not make any incriminating statement at his arraignments or lose any available defenses by not pleading them at his arraignments). Petitioner cannot receive relief because he did not allege that he made any incriminating statement at his arraignment or that he lost any available defenses by not pleading them at his arraignment on the warrant. *Doyle,* 347 F. Supp. 2d at 481.

Petitioner also seeks a writ of mandamus to force the 36th District Court to prepare him a transcript of the arraignment on the warrant so that he can file a post-conviction motion.

A federal court has no authority to issue a writ of mandamus directing a state court or its judicial officers in the performance of their duties. *See Haggard v. Tenn.*, 421 F.2d at 1386; *see also White v. Ward*, 145 F.3d 1139, 1140 (10th Cir. 1998). This Court therefore does not have the power to issue a writ of mandamus to order the state court judge or the Michigan appellate courts to prepare a transcript of the arraignment on the warrant. *See In re Campbell*, 264 F.3d 730, 731–32 (7th Cir. 2001) (denying mandamus where state prisoner asked for order compelling state court to provide him access to trial transcripts to prepare a post-conviction petition); *see also In re Pettaway*, 517 F. App'x 69, 70 (3d Cir. 2013) (denying petition for writ of mandamus where state prisoner asked for order to compel state courts to provide him with a certified copy of the record so that petitioner could perfect a post-conviction appeal in state court); *Cf. Woods v. Weaver,* 13 F. App'x 304, 305-06 (6th Cir. 2001) (holding that Sixth Circuit did not have authority to issue writ of

mandamus directing the Michigan courts to rule on the merits of the petitioner's post-conviction motion).

Moreover, a criminal defendant has no federal constitutional right to a transcript to prepare a post-conviction proceeding. *Rickard v. Burton,* 2 F. App'x 469, 470 (6th Cir. 2001) (citing to *Ruark v. Gunter,* 958 F.2d 318, 319 (10th Cir. 1992); *United States v. MacCollom,* 426 U.S. 317, 325-26 (1976)). "Possession of a transcript is not a 'condition precedent' to the filing of a state post-conviction motion." *Grayson v. Grayson,* 185 F. Supp. 2d 747, 752 (E.D. Mich. 2002) (citing *Gassler v. v. Bruton,* 255 F.3d 492, 495 (8th Cir. 2001)). Indeed, a defendant could file a post-conviction motion for relief from judgment with the state trial court, after which the trial court could order the production of the transcripts. *Id.* Thus, even if this Court had the power to issue a writ of mandamus, it would not do so because petitioner failed to state a claim for relief.

## III. CONCLUSION

Based upon the foregoing, **IT IS ORDERED** that the Petition for a Writ of Mandamus is **DENIED WITH PREJUDICE**.

**SO ORDERED**.

Dated: April 29, 2024

s/Jonathan J.C. Grey
JONATHAN J.C. GREY
UNITED STATES DISTRICT JUDGE

### Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 29, 2024.

s/ S. Osorio
Sandra Osorio
Case Manager

9